UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Henriques Joao Feliciano

      v.                                                   Case No. 26-cv-291-JL

Amy Boncher, et al.

## SUMMARY SHOW CAUSE ORDER

### I.    Show cause orders

***Due process.*** On December 24, 2025, Chief Judge Elliott ordered a bond hearing for a habeas petitioner who was paroled into the United States and re-detained three years later, after living continuously in the United States and complying at all times with conditions set by immigration officials. *See Destino v. FCI Berlin, Warden*, No. 1:25-CV-374-SE-AJ, 2025 WL 4010424, at \*1-2 (D.N.H. Dec. 24, 2025) (Elliott, C.J.). The court found that, in light of the petitioners' connections to and continued presence in the United States, the Due Process Clause of the United States Constitution prohibited his detention without a timely bond hearing. *Id*. at \*7, 14. In *Fils-Aime v. FCI Berlin, Warden*, No. 1:25-CV-287-JL-TSM, 2025 WL 3063164 (D.N.H. Oct. 31, 2025) this court found that the petitioner's prolonged detention without a bond hearing under 8 U.S.C. §§ 1225(b) and 1231(a) violated the Due Process Clause where the removal order was under appeal, the petitioner himself was not responsible for the continuing delay, and the petitioner was being held in a correctional facility. *Id*. at \*3-5.

The petitioner, Henriques Joao Feliciano, is not subject to a final removal order. He has been in detention since June 2025. The respondents are directed to show cause in writing on or before **April 23, 2026** why this court should not order the same relief ordered in *Destino* and *Fils-Aime*.

***Class membership***. Should the respondents argue that the petitioner is not entitled to a bond hearing under *Destino* or *Fils-Aime*, they shall address the petitioner's entitlement to a bond hearing as a class member under *Guerrero Orellana v. Moniz*, 2025 WL 3687757 (D. Mass. Dec. 19, 2025) or *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Alternatively, written verification that petitioner has received, or is scheduled to receive on a date certain, a bond hearing, shall constitute compliance with this order.

### II.    Notice of transfer

While this case remains pending, the petitioner shall not be transferred outside the District of New Hampshire or outside the jurisdiction of the United States unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket of this proceeding, and shall state the reason for the necessity of such action and why the move should not be stayed pending further court proceedings.

Once that notice has been docketed, the petitioner shall not be moved out of the district of his detention for a period of at least 72 hours from that docketing.

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: April 16, 2026

Cc: Counsel of record

2