UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Henriques Joao Feliciano

v.                                                                    Civil Case No. 1:26-cv-00291-JL-AJ

FCI Berlin, Regional Director, et al.

**<u>ORDER</u>**

Before the court is the habeas petition brought by Henriques Joao Feliciano challenging his ongoing ICE detention.[1]  After reviewing the petition, the court ordered the respondents to show cause why it should not afford the petitioner the same relief ordered in *Destino v. FCI Berlin*, 2025 WL 4010424 (D.N.H. Dec. 24, 2025) (Elliott, C.J.).[2]  In response, the government notes that it "object[s] to this Court granting relief on the basis of *Destino*" on the ground that the case was "wrongly decided," but concedes that "the Court will likely reach the same result and would order that Petitioner be afforded a bond hearing before an [I]mmigration [J]udge" if it applied *Destino*'s reasoning here.[3]

Thus, no cause having been shown, the court GRANTS the petition[4] for a bond hearing based on the reasoning in *Destino* and orders the respondents to provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable.  The petition is DENIED in all other respects.  The parties shall file a status report on or before **May 4, 2026**.

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: April 23, 2026
Cc: Counsel of record

---

[1] Doc. no. 1.

[2] Doc. no. 3.  The court also ordered the respondents to show cause under *Fils-Aime v. FCI Berlin, Warden*, No. 1:25-CV-287-JL-TSM, 2025 WL 3063164 (D.N.H. Oct. 31, 2025).  The respondents argue that *Fils-Aime* is "inapposite" because Fils-Aime, unlike Feliciano, was subject to a final order of removal at the time he filed his petition for habeas relief.  The court notes that the government's position contradicts its position in *Macedo v. ICE Boston Field Office Acting Director*, No. 1:26-CV-35-JL, ECF No. 11 (D.N.H. Feb. 5, 2026), in which it conceded that the petitioner, who was not subject to a final order of removal, should get a bond hearing under the reasoning in *Fils-Aime*.  Because the government conceded here that the petitioner should receive a bond hearing under the reasoning in *Destino*, the court rests its decision on that concession without addressing whether *Fils-Aime* applies to detainees not held under 8 U.S.C. § 1231.

[3] Show Cause Response (doc. no. 5) at 2-3.  The court makes no finding as to the preservation of any grounds or arguments mentioned, but not actually argued or developed, on the record of this case.

[4] Doc. no. 1.